RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 OCT -5 A 10: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Pelzer, #311633, a.k.a. Jonathan Thomas Lee Pelzer,<br><br>        Plaintiff,<br><br>-versus-<br><br>Penny Morton,<br><br>        Defendant. | C. A. No. 2:09-3211-MBS-RSC<br><br><br><br>**REPORT AND RECOMMENDATION** |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On December 15, 2009, the plaintiff, Thomas Lee Pelzer, sued Penny Morton, an officer at McCormick Correctional Institution

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

(MCI), a facility of the South Carolina Department of Corrections (SCDC) where he was incarcerated in the Special Management Unit (SMU) at all times relevant to his complaint, and alleged that she ignored his requests for a blanket, socks, underwear, shoes, a towel, and a washcloth. Plaintiff amended his complaint on January 4, 2010. He sued Morton in both her individual and official capacities and he seeks damages.

On August 18, 2010, the defendant filed a motion for summary judgment with the defendant's affidavit. On August 20, 2010, the plaintiff was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on September 10, 2010, and has submitted his own affidavit and multiple supporting affidavits of other prisoners as well as exhibits. He filed a "motion to amend/correct complaint" on September 10, 2010, but did not contain the proposed amended complaint.

On September 19, 2010, the defendant filed a reply to the plaintiff's opposition and affidavits in which she argued that even if she received the plaintiff's requests for a blanket, clothing and shoes, the action still fails because he has not demonstrated an actual physical injury from the alleged deprivations. Hence, it appears consideration of the motion is

appropriate.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's] version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007) (internal quotation marks and alterations omitted).

Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not

offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## **PRISON CONDITIONS OF CONFINEMENT LAW**

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions

under which he is confined." Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475(1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As to the second prong, a prison official is deliberately indifferent if she has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847.

A plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See, Strickler, 989 F.2d at 1380-81. Without a showing of "serious or significant physical or emotional injury" that resulted from the conditions upon which he is basing his suit, the claim will not withstand dismissal. See, Id., accord Odom v. S.C. Dep't of Corr., 349 F.3d 765,770 (4th Cir. 2003); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). "[A] showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis" which has been used to avoid "an application of the subjective view of the judges deciding the question." Shakka, 71 F.3d at 166 (citing Strickler, 989 F.2d at 1379-80).

For prisoners, "[t]here is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims." Id. (citing Grandstaff v. City of Borger, 767 F.2d 161, 172 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989); Buckley v. U.S. Government,, 2006 WL 2583767, at 8 (D.S.C. September 7, 2006). The Prison Litigation Reform Act (PLRA) expressly exempts damages for emotional and mental injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional

facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e); see also Oliver v. Keller, 289 F.3d 623, 626-27 (9th Cir. 2002) (finding that where pretrial detainee did not suffer more than de minimis physical injury during his confinement, the PLRA barred his Section 1983 claim for mental or emotional injury.

**FACTS**

The plaintiff was incarcerated in SMU B Wing cell 87 at MCI at all times relevant to this action. During the second week of November 2008, Plaintiff turned in his laundry to be washed which laundry was his towel, washcloth, socks, and underwear. The laundry was never returned to him. Beginning in December, Plaintiff submitted "Request to Staff" forms to the defendant asking about his laundry and asking for a blanket as well as new shoes to replace his shoes which had holes in them. The defendant did not respond or return the forms to him. Plaintiff asked the defendant for the items when she came by his cell to pick up and deliver mail, but she was unresponsive.

Plaintiff's cell had a window with a large hole to the outside under it. The hole permitted cold air to enter his cell while the rest of the cells were maintained at 70 degrees. During the winter Plaintiff slept in his jumpsuit, his jacket, and his shoes in an attempt to stay warm, but he was cold still and his toes were numb to the touch. There is no evidence of the

actual temperature in the cell, but Plaintiff believes that "his health welfare and life were at extreme risk and danger." Nonetheless, Plaintiff does not claim, and the record contains no indication, that he signed up for sick call or in any way sought medical care.

Further, without a towel Plaintiff used his bed sheet as a makeshift towel following showers for six months and he could not wash his face at his in cell wash basin because he did not have a washcloth.

Other inmates joked at all times of the day and night about how the plaintiff was allowing the defendant to "play him."

Plaintiff filed a grievance concerning the blanket and another concerning the other items. He was thereafter provided some of the items. He transferred out of MCI to Perry Correctional Institution on July 28, 2009. See, Am. Comp.

## **DISCUSSION**

A review of the record and relevant case law reveals that the defendant is entitled to judgment as a matter of law.

First, Plaintiff has not demonstrated an Eighth Amendment violation because Plaintiff has failed to show a significant physical or emotional injury resulting from the defendant's actions. Instead of a claim of injury, Plaintiff describes only that he was cold to the point that sometimes his feet felt numb. He claims that he was forced to wear his jumpsuit, jacket, and

shoes, but that he still felt cold. He has not, however, shown that he has suffered any physical or emotional injury as a result of these conditions; the defendant's motion should be granted. See, 42 U.S.C. § 1997e(e); see also, Alexander v. Tippah County, Miss., 351 F.3d 626, 631-32 (5th Cir. 2003) (affirming the district court's grant of summary judgment on the claims of unconstitutional conditions of confinement when the plaintiffs' only physical injury was nausea; the court found that § 1997e(e) requires more than a *de minimis* physical injury to support the recovery of mental and emotional damages); Blaine v. Fox, No. 8:07-807-RBH, 2007 WL 1423750 (D.S.C. May 10, 2007).

Second, Plaintiff's claim that he had to use his bed sheet to dry off after showers and that his not having a wash cloth prevented him from washing his face every other day simply do not rise to the level of an actionable constitutional tort. The defendant is entitled to summary judgment.

## CONCLUSION

Accordingly for the aforementioned reasons it is recommended that the defendant's motion of summary judgment be granted, that all other outstanding motions be denied as moot, and this matter ended.

Respectfully Submitted,

*[signature]*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
October 5, 2010

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).