IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Thomas Pelzer, #311633, a/k/a )
Jonathan Thomas Lee Pelzer, ) C/A No. 2:09-3211-MBS
)
       Plaintiff, )
)
    vs. ) **O R D E R**
)
Penny Morton, )
)
       Defendant. )
_____)

      Plaintiff Thomas Pelzer is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Perry Correctional Institution in Pelzer, South Carolina.  At the time of the underlying events, Plaintiff was housed at McCormick Correctional Institution (MCI) in McCormick South Carolina.  Plaintiff, proceeding pro se, filed a complaint on December 15, 2009, and amended on January 4, 2010.  Plaintiff alleges that Defendant Penny Morton, a correctional officer at MCI, deprived him of a blanket, socks, towel, and washcloth during his entire incarceration at MCI.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement in violation of the Eighth Amendment.

      This matter is before the court on motion for summary judgment filed by Defendant on August 18, 2010.  By order filed August 20, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately.  Plaintiff filed a response in opposition to Defendant's motion on September 10, 2010, to which Defendant filed a reply on September 17, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On October 5, 2010, the Magistrate Judge issued a Report and Recommendation in which he determined that Plaintiff had failed to show an Eighth Amendment violation because he had not demonstrated a significant physical or emotional injury resulting from Defendant's alleged actions. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Defendant's motion

for summary judgment (ECF No. 51) is **granted**.  All other outstanding motions are **denied as moot.**

      **IT IS SO ORDERED**.


                      /s/ Margaret B. Seymour
                      United States District Judge

Columbia, South Carolina

October 28, 2010




**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**
